# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARNELL C. COOPER, SR., | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 06-171 |
| JEFFREY A. BEARD, ET AL., | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

## Memorandum and Order

YOHN, J.                                                                October 29, 2008

Plaintiff Darnell Cooper ("Cooper") brings this motion for reconsideration, challenging the court's September 2, 2008 order granting in part plaintiff's August 25, 2008 motion for an evidentiary hearing, a cautionary instruction, and a protective order.  Cooper filed a reply brief on September 10, 2008, several days after the court issued its order.  In this motion, Cooper asks the court to reconsider its order in light of his reply brief.  For the reasons that follow, the court will deny Cooper's motion.

## I.      Procedural Background

Cooper is a state prisoner.  He filed this 42 U.S.C. § 1983 action alleging that the defendants, who are prison officials, violated his constitutional rights.  (Compl. at 4A-R.)  The defendants have filed a motion for summary judgment which is still pending.  In his response to the defendants' motion for summary judgment, Cooper submitted to the court and opposing

1

counsel several declarations from inmates in support of his allegations.  Defense counsel

forwarded copies of the declarations to the Office of Professional Responsibility ("OPR"),[1]

asking the OPR to investigate the declarants' allegations.  (Pl.'s Mot. Evid. Hearing at 2, ¶ 6.)

The OPR interviewed two of Cooper's witnesses and forwarded the interview summaries to

defendants' counsel.  (Defs.' Resp. Pl.'s Mot. Evid. Hearing at 3, ¶ 8.)

Cooper, believing that the defendants were using the OPR to circumvent the court's

discovery order, filed a motion asking for an evidentiary hearing, a cautionary instruction, and a

protective order against the defendants.  (Pl.'s Mot. Evid. Hearing at 4, ¶ 16.)  In the motion,

Cooper argued that defense counsel violated his due process rights and the Federal Rules of Civil

Procedure when defense counsel asked that the OPR interview his witnesses.  (Id. ¶ 14.)  In their

response, defendants argued that submitting the witness declarations to the OPR was proper, that

defense counsel never forwarded specific questions for OPR investigators to ask, and that

defense counsel did not attend the interviews that the OPR conducted.  (Defs.' Resp. Pl.'s Mot.

Evid. Hearing at 3, ¶¶ 9-11.)

On September 2, 2008, the court granted Cooper's motion in part, requiring the

defendants to (1) inform Cooper of all interviews that have or will occur with Cooper's witnesses

and (2) supply Cooper with a copy of all statements made by witnesses or prepared by

investigators after an interview.  On September 10, 2008, a week after the court issued this order,

Cooper filed a reply brief to the defendants' response, which the court reviewed immediately to

determine whether it would alter the order of September 2, 2008.  It did not.  On September 15,

---

[1] The OPR is responsible for investigating allegations of inmate abuse.  (Pl.'s Reply Br. Ex. A.)

2008, Cooper filed this motion for reconsideration, asking the court to revisit its September 2, 2008 order in light his reply brief.

## II.     Standard of Review

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Reconsideration is proper where the moving party demonstrates one of three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice." *Colon ex rel. Disen-Colon v. Colonial Intermediate Unit 20*, 443 F. Supp. 2d 659, 667 (M.D. Pa. 2006) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  Motions for reconsideration are "not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made." *Colon*, 443 F. Supp. 2d at 667.

## III.    Discussion

Cooper asks the court to construe his September 10, 2008 reply brief as a motion for reconsideration.  So construed, Cooper's reply brief essentially renews the arguments that he raised in his initial motion.[2]  Cooper fails to proffer new and material evidence or legal support for his motion that the court was not aware of when initially considering this matter.  Therefore, the court finds no reason to alter its previous findings.

## IV.    Conclusion

---

[2] Cooper's reply brief does present the court with evidence regarding the scope of OPR's authority.  This information was likely available to Cooper at the time of his initial filing. Regardless of its availability, this information does not alter the court's original conclusion.

3

Cooper's motion for reconsideration does not raise new issues of fact or law that causes the court to alter or amend its initial order.  Therefore, the motion for reconsideration will be denied.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARNELL C. COOPER, SR.,                          :
     Plaintiff,                                 :
                                                 :
     v.                                         :          CIVIL ACTION
                                                 :
JEFFREY A. BEARD, <u>ET</u> <u>AL.</u>,          :          NO. 06-171
     Defendants.                                :
                                                 :
                                                 :
                                                 :
                                                 :

### Order

     **AND NOW** this 29th day of October 2008, upon consideration of the plaintiff's motion for reconsideration and motion for Order (Doc. No. 95) and the defendants' response thereto, **IT IS HEREBY ORDERED** that the motion for reconsideration and the motion for Order are **DENIED**.

<u>s/ William H. Yohn Jr., Judge</u>
William H. Yohn Jr., Judge
